United States District Court
District of Massachusetts

|                                |   |                   |
|--------------------------------|---|-------------------|
| **Doris Elridge-Sampson,**     | ) |                   |
|                                | ) |                   |
| Plaintiff,                     | ) |                   |
|                                | ) |                   |
| v.                             | ) | Civil Action No.  |
|                                | ) | 18-11333-NMG      |
| **Commissioner Andrew M. Saul,** | ) |                 |
|                                | ) |                   |
| Defendant.                     | ) |                   |

**MEMORANDUM & ORDER**

**GORTON, J.**

Doris Eldridge-Sampson ("Mrs. Eldridge-Sampson" or "plaintiff") seeks judicial review of the denial of her 2008 application for Widow's Insurance Benefits ("WIB") by the defendant, Andrew Saul ("the Commissioner"), in his official capacity as Commissioner of the Social Security Administration ("SSA").[1]  Notwithstanding the fact that Mrs. Eldridge-Sampson was subsequently approved for WIB in 2013, she now seeks judicial review of both the initial denial and the ultimate benefit calculation.

Pending before the Court are plaintiff's motion for an order reversing the decision of the Commissioner with respect to

---

[1] The complaint originally named Acting Commissioner Nancy Berryhill.  Andrew Saul is now the confirmed Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

-1-

the benefit calculation and the defendant's motion to affirm that decision. For the reasons that follow, plaintiff's motion will be denied and defendant's motion will be allowed.

**Background**

**A.   Factual Background**

Mrs. Eldridge-Sampson is a 77-year-old divorced widow of William George Eldridge ("the wage earner" or "Mr. Eldridge"). Mrs. Eldridge-Sampson married Mr. Eldridge in May, 1965, and was divorced from him in June, 1982. Mr. Eldridge died in September, 2008, at the age of 69.

In 2000, at the age of 62 (three years before he reached full retirement age), Mr. Eldridge filed for early retirement benefits and was approved. In March, 2002, he applied for disability benefits and the SSA determined that Mr. Eldridge was disabled as of October, 1999. He was subsequently paid disability benefits effective March, 2001, 12 months retroactive from his disability benefits application.

**B.   Procedural History**

In September, 2008, following Mr. Eldridge's death, Mrs. Eldridge-Sampson filed for WIB. Several weeks later, the SSA sent her a written request for proof of 1) her marriage to the wage earner, 2) her divorce from him and 3) his death, as mandated by 20 C.F.R. § 404.336. Although responsible for obtaining and presenting the evidence necessary to establish her

eligibility to receive benefits pursuant to § 205(a) of the Social Security Act ("The Act") and applicable regulations, plaintiff did not submit the required proof of her marriage. In early October, 2008, the SSA sent an additional letter stating that if she did not provide the required documentation, her application for WIB would be denied.

In late October, 2008, plaintiff's application for WIB was denied due to her failure to submit proof of her marriage to the wage earner as mandated by § 404.345 and § 404.346 ("the 2008 determination"). The denial letter indicated that Mrs. Eldridge-Sampson could appeal the decision within 60 days but she did not do so at that time.

More than four years later, in August, 2013, Mrs. Eldridge-Sampson filed a new WIB application with the required proof of marriage under **§** 404.345 and § 404.346. Her WIB benefits were subsequently approved and paid retroactively from February, 2013 ("the 2013 determination"). Those benefits were paid at a reduced rate because the wage earner had elected to take early retirement.

Because Mrs. Eldridge-Sampson believes 1) she is entitled to benefits beginning in 2008 and 2) her WIB benefits were improperly calculated in the 2013 determination, she filed a motion for reconsideration with the SSA.

Plaintiff's request for reconsideration was denied in

April, 2014. She then filed a request for a hearing on both the 2008 and 2013 determinations. In June, 2015, Administrative Law Judge James Packer ("the ALJ") held a hearing at which Mrs. Eldridge-Sampson appeared and testified.

In July, 2015, the ALJ issued a decision denying plaintiff's request to reopen the 2008 determination and finding that the WIB benefits in the 2013 determination were correctly calculated pursuant to 20 C.F.R. § 404.338(c). The Appeals Council denied plaintiff's request for review in May, 2018, rendering the ALJ's decision final subject to judicial review.

**C.   The ALJ's decision**

**1. The 2008 determination**

The ALJ determined that Mrs. Eldridge-Sampson was not entitled to reopen the 2008 determination. He noted that a claim may be reopened only when the conditions enumerated in 20 C.F.R. § 404.988 are satisfied. That regulation states in relevant part:

> A determination, revised determination, decision, or revised decision may be reopened—
> 
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
> 
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or
> 
> (c) At any time if—

>    (1) It was obtained by fraud or similar fault (see
>    § 416.1488(c))...

The ALJ found that plaintiff filed her motion for reconsideration of the 2008 determination more than four years after the denial of her original claim. Consequently, the ALJ determined that Mrs. Eldridge-Sampson is not entitled to a reopening under § 404.989(a) or (b). The ALJ noted, moreover, that even if plaintiff's claim had been timely filed under § 404.988(b), she would not be entitled to relief because she could not show that there was good cause to reopen the case pursuant to § 404.989.

The ALJ also found that plaintiff was not entitled to reopen her claim under § 404.988(c) because the 2008 determination was not obtained by fraud nor did she have any physical, mental, educational, or linguistic limitations.

### 2. The 2013 determination

The ALJ next determined that the SSA correctly calculated the amount of the plaintiff's WIB pursuant to 20 C.F.R. § 404.338(c). That regulation states, in relevant part, that

> [y]our monthly benefit will be reduced if the insured person chooses to receive old-age benefits before reaching full retirement age.

The ALJ determined that plaintiff's benefits were properly reduced because the wage earner had chosen to receive old-age benefits six months before reaching full retirement age.

**D. The Parties' Arguments**

**1. The 2008 determination**

Plaintiff asserts that the ALJ erred because the SSA deceived her. The denial notice of Mrs. Eldridge-Sampson's 2008 application stated that she was ineligible to receive benefits because she failed to submit proof of marriage under the "marriage laws of Brockton, Massachusetts". Plaintiff contends that, because Brockton, Massachusetts has no marriage laws, she was led to believe that she was ineligible for WIB. Plaintiff submits that the notification was ambiguous which entitles her to reopen her initial claim pursuant to 20 C.F.R. § 404.988(c).

The SSA rejoins that it sent two letters to Mrs. Eldridge-Sampson both of which contained straightforward language indicating the exact documentary evidence that she was required to provide. The SSA contends the ALJ was correct when he determined that, when taken in context with the two clarifying letters, the denial notice did not constitute misinformation and she is not entitled to reopening.

**2. The 2013 determination**

Plaintiff disputes the ALJ's finding that her benefits were properly calculated in the 2013 determination. She claims that at the time of the wage earner's death in 2008, he was receiving full disability benefits without any reduction or restriction and she should therefore be entitled to full benefits. Mrs.

Eldridge-Sampson avers that the wage earner did not apply for early retirement benefits and that his disability benefits automatically converted to full retirement benefits.

The SSA maintains that plaintiff's ex-husband elected to receive early retirement benefits at the age of 62, roughly three years before his full retirement age of 65, and thus the ALJ properly decided the issue. Mrs. Eldridge-Sampson is entitled to the same reduced retirement benefits that her late ex-husband chose to receive and his disability benefits do not override his choice to receive early reduced benefits.

## IV. Pending Motions

### A. Legal Standard

Title II of the Social Security Act gives United States District Courts authority to affirm, modify or reverse an ALJ's decision or to remand the case for a rehearing. 42 U.S.C. § 405(g). A District Court's review of an ALJ decision is not, however, de novo. See Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). The Act provides that the findings of the Commissioner are conclusive if 1) they are "supported by substantial evidence" and 2) the Commissioner has applied the correct legal standard. See 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). If those criteria are satisfied, the Court must uphold the Commissioner's decision even if the record could justify a different

conclusion. <u>Evangelista</u> v. <u>Sec'y of Health & Human Servs.</u>, 826 F.2d 136, 144 (1st Cir. 1987).  Substantial evidence means evidence "reasonably sufficient" to support the ALJ's conclusion. <u>Doyle</u> v. <u>Paul Revere Life Ins. Co.</u>, 144 F.3d 181, 184 (1st Cir. 1998).

**B.  Analysis**

The ALJ's conclusion is supported by substantial evidence and he applied the correct legal standard.  Mrs. Eldridge-Sampson is attempting to reopen a claim that was initially filed more than four years ago.  She is, therefore, ineligible to reopen a claim under either §404.988(a) or (b).

Even if her claim had been timely, the ALJ's finding that she was not entitled to reopening under § 404.988(b) is warranted.  The evidence shows that the 2008 determination was correctly denied due to the plaintiff's initial failure to submit relevant documentation.  No new evidence was presented, no clerical errors were made, and there was no evidence of facial error. <u>See</u> 20 C.F.R § 416.1489.

The ALJ's finding that the 2008 determination was untainted by fraud and therefore not subject to reconsideration under § 404.988(c) is also supported by the evidence.  Plaintiff has presented no evidence of fraud.  Even if the SSA's denial notice was ambiguous, it was not fraudulent.  Moreover, prior to the puzzling denial notice, the SSA sent explicit requests for proof

to plaintiff. Further, the plaintiff declined to seek clarification of the 2008 determination and therefore forfeited her right to raise a challenge. See 20 C.F.R. § 404.987.

Finally, the ALJ's determination that Mrs. Eldridge-Sampson's WIB were correctly calculated in the 2013 determination is also supported by substantial evidence. Plaintiff argues that her late husband's disability benefits automatically convert to retirement benefits when one reaches full retirement age. The applicable regulation, 20 C.F.R. § 404.338(c), states otherwise. Because the wage earner elected to receive early retirement benefits, the ALJ properly applied the regulation.

**ORDER**

For the foregoing reasons, the plaintiff's Motion to Reverse or Remand the Decision of the Commissioner (Docket No. 23) is **DENIED** and the defendant's Motion for an Order Affirming the Decision of the Commissioner (Docket No. 29) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 25, 2020